UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELIZABETH G. RUCKELSHAUS, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:17-cv-02009-JMS-MJD |
| | ) | |
| GERALD L. COWAN, KENT EMSWILLER, and | ) | |
| EMSWILLER, WILLIAMS, NOLAND & CLARK, | ) | |
| A PROFESSIONAL CORPORATION, | ) | |
|     *Defendants.* | ) | |

## ORDER

Defendants have removed this matter to this Court, and have alleged that this Court has diversity jurisdiction over this matter. While Defendants have properly set forth the citizenships of the respective parties, the Court notes the following issue with the jurisdictional allegations in Defendants' Notice of Removal:

- Defendants do not properly allege the amount in controversy. The amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The "exclusive of interest and costs" language must be included in the amount in controversy allegation.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Defendants to file an Amended Notice of Removal by **June 23, 2017**, which addresses the issue outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction. Plaintiff is reminded of her obligation to file a statement within thirty days of Defendants' filing of the Amended Notice of Removal pursuant to Local Rule 81-1, which provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

The parties are advised that, to the extent the Amended Notice of Removal and the Local Rule 81-1 Statement reflect anything other than total agreement regarding any jurisdictional allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 6/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**