UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH G. RUCKELSHAUS )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>GERALD L. COWAN, )<br>KENT EMSWILLER and EMSWILLER, )<br>WILLIAMS, NOLAND & CLARK, )<br>a Professional Corporation )<br>)<br>       Defendants. ) | Case No. 1:17-cv-02009-JMS-MJD |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Defendants, Gerald L. Cowan, Kent Emswiller and Emswiller, Williams, Noland & Clark, a Professional Corporation, by counsel, and hereby answer Plaintiff's Complaint as follows:

**Parties**

1. Plaintiff, Elizabeth "Bettina" G. Ruckelshaus ("Ruckelshaus") is a resident of the State of South Carolina.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Gerald L. Cowan, ("Cowan") is an attorney licensed to practice law in the State of Indiana. Mr. Cowan maintains his principal place of business in Marion County, Indiana.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

1


3. Defendant Kent Emswiller ("Emswiller") is an attorney licensed to practice law in the State of Indiana. Mr. Emswiller maintains his principal place of business in Marion County, Indiana.

**ANSWER: Defendants admit the allegations set forth in Paragraph 3 of Plaintiff's Complaint.**

4. At all times relevant to the allegations in this Complaint, both Cowan and Emswiller were practicing law with the law firm of Emswiller, Williams, Nolan & Clark, a professional corporation ("EWNC") authorized to do business in the State of Indiana. At all relevant times, the principal offices of EWNC were located in Marion County, Indiana

**ANSWER: Defendants admit the allegations as to the events of 2000, but deny the remainder of the allegations set forth in Paragraph 4 of Plaintiff's Complaint.**

5. Venue is appropriate in Marion County, Indiana.

**ANSWER: Defendants admit the allegations set forth in Paragraph 5 of Plaintiff's Complaint.**

### Facts

6. Plaintiff and her brother, Thomas F. Ruckelshaus, were the only children of Conrad R. Ruckelshaus.

**ANSWER: Defendants admit the allegations set forth in Paragraph 6 of Plaintiff's Complaint.**

7. On November 5, 1985, Conrad R. Ruckelshaus, created a testamentary intervivos trust ("the Trust") under his Last Will and Testament, naming Plaintiff and her brother, Thomas Ruckelshaus, as the only beneficiaries of the Trust.

**ANSWER:** **Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 7 of Plaintiff's Complaint so as to neither admit nor deny the same at this time, due to the fact that Plaintiff has chosen not to attach said letter to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

8. The terms of the Trust made clear the intent of Plaintiff's father in creating the Trust; namely, to leave the trust property only to Plaintiff and her brother, and not to their spouses. Under the terms of the Trust, the Trust property was to pass to the survivor of Plaintiff and her brother upon the death of one of them (with some exceptions for Conrad's grandchildren that are not relevant to this Complaint.)

**ANSWER:** **Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 8 of Plaintiff's Complaint so as to neither admit nor deny the same at this time, due to the fact that Plaintiff has chosen not to attach said Trust to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

9. In mid-1998, Plaintiff's brother shared with Plaintiff his concerns that the Trust did not permit any of the Trust property to pass to his spouse in the event he (Thomas) predeceased his wife. Thomas asked Plaintiff if she would cooperate with him in searching for a way to alter the terms of the Trust so that upon his death, his interest in the Trust property would pass to his wife, but only until her death, at which point the interest would revert back to Plaintiff.

**ANSWER: Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 9 of Plaintiff's Complaint so as to neither admit nor deny the same at this time.**

10. Plaintiff was sympathetic to her brother's request and agreed to talk with an attorney about what options may exist for breaking the Trust.

**ANSWER: Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 10 of Plaintiff's Complaint so as to neither admit nor deny the same at this time.**

11. Plaintiff met with Defendant Emswiller to discuss possible options for breaking the Trust or relaxing the provisions thereof.

**ANSWER: Defendants admit the allegations set forth in Paragraph 11 of Plaintiff's Complaint.**

12. Defendant Cowan conducted research and then prepared a letter to Plaintiff, dated August 11, 1998, in which he set out the pertinent Indiana law and his opinions regarding options, or lack thereof, for breaking the Trust or relaxing its provisions. He examined the possibility of expanding and enlarging the beneficiaries' principal invasion power and deviation from the terms of the Trust. He also examined to [sic] possibility of terminating the Trust as void. He dismissed these options as not permitted under the law.

**ANSWER: Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 12 of Plaintiff's Complaint so as to neither admit nor deny the same at this time, due to the fact that Plaintiff has chosen not to attach said letter to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

13. Despite his research, Defendant Cowan recommended that Plaintiff and her brother could seek an agreement of all beneficiaries to invade the Trust, though he cautioned that such an agreement alone is not sufficient to break the trust. He stated there must also be a bona fide dispute about the terms of the Trust and a settlement of that dispute must be reached. At the same time, he concluded that there was no evidence to support a claim of a bona fide dispute.

**ANSWER:  Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 13 of Plaintiff's Complaint so as to neither admit nor deny the same at this time, due to the fact that Plaintiff has chosen not to attach said letter to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

14. Despite the Defendants' knowledge of the law and the facts, Defendants proceeded to represent Plaintiff and her brother in an effort to break the Trust.

**ANSWER:  Defendants admit Defendants represented the Plaintiff and her brother through the court approved termination of the Trust in 2000, but deny the remainder of the allegations set forth in Paragraph 14 of Plaintiff's Complaint.**

15. Defendants prepared court pleadings requiring the signatures of Plaintiff, her brother, and another beneficiary, William Ruckelshaus, for the purpose of instituting a dispute and seeking a termination of the Trust.

**ANSWER:  Defendants admit drafting court pleadings seeking termination of the Trust, but deny the remainder of the allegations set forth in Paragraph 15 of Plaintiff's Complaint.**

16. On March 29, 1999, Defendant Emswiller sent a letter to Plaintiff and her brother seeking their signatures on a Joint Petition for Approval of Settlement Agreement and a Petition Requesting Termination of Trust (the "Petitions.")

**ANSWER:   Defendants admit the allegations set forth in Paragraph 16 of Plaintiff's Complaint generally, however, due to the fact that Plaintiff has chosen not to attach said letter to Plaintiff's Complaint it is impossible to verify the veracity of the allegation.**

17. Plaintiff and her brother signed both Petitions.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 17 of Plaintiff's Complaint.**

18. The Petition Requesting Termination of Trust was filed by Defendants on behalf of Plaintiff and her brother on or about June 21, 2000.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 18 of Plaintiff's Complaint generally Defendants further state that Plaintiff has improperly chosen not to attach said Petition to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

19. The Petition Requesting Termination of Trust was prepared by Defendants Kent Emswiller and Gerald Cowan, as shown by the block "Prepared By" on the signature page of that document.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 19 of Plaintiff's Complaint generally, and Defendants further state that due to the fact that Plaintiff has chosen not to attach said Petition to Plaintiff's Complaint it is impossible to verify the veracity of the allegation.**

20. The Joint Petition for Approval of Settlement Agreement was filed on or about June 21, 2000, by the Defendants on behalf of the Trustee, Bank One Trust Company, N.A., and Plaintiff, her brother, and the residual beneficiaries of the Trust.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 20 of Plaintiff's Complaint generally that the documents were filed by the Defendants but that Defendants only represented the Plaintiff and her brother. Defendants further state that due to the fact that Plaintiff has chosen not to attach said Petition to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

21. The Joint Petition for Approval of Settlement Agreement was signed by both Defendants Kent Emswiller and Gerald Cowan.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 21 of Plaintiff's Complaint. Defendants further state that due to the fact that Plaintiff has chosen not to attach said Petition to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

22. On the same day that the Petitions were filed, the Judge of the Marion Superior Court, Probate Division, entered its Order Granting Petition Requesting Termination of Trust, which Order was file-stamped on June 21, 2000.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 22 of Plaintiff's Complaint. Defendants further state that due to the fact that Plaintiff has chosen not to attach said Order to Plaintiff's Complaint thereby making it impossible to verify the veracity of the allegation.**

23. At all times while Plaintiff was dealing with the Defendants, she made it known that her objective was to permit her brother's wife to benefit from the income from the

Trust if her brother predeceased his wife, while at the same time all such interest would revert to Plaintiff upon the death of her brother's wife.

**ANSWER: Defendants deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint.**

24. Defendants were aware that they were representing Plaintiff in this matter and that they were required to look out for her best interests. On page 6 of the September 8, 1999, letter from Defendant Cowan to Plaintiff, Cowan stated that pursuing a dispute and settlement approach was the best avenue to attempt to change the Trust provisions that "would be more beneficial to you."

**ANSWER: Defendants admit they had a duty to the Plaintiff and her brother under Indiana law and are without sufficient information or knowledge regarding the truth or falsity of the rest of the allegations set forth in Paragraph 24 of Plaintiff's Complaint so as to neither admit nor deny the same at this time, due to the fact that Plaintiff has chosen not to attach said letter to Plaintiff's Complaint, thereby making it impossible to verify the veracity of the allegation.**

25. The settlement agreement and the Order approving the settlement agreement contained no provision for the return of the interest in the Trust back to Plaintiff after her brother's wife passed away (having received the benefits in a life estate during her lifetime.)

**ANSWER: Defendants admit the allegations set forth in Paragraph 25 of Plaintiff's Complaint.**

26. The settlement agreement and the Order approving the settlement agreement contained no provision requiring Plaintiff's brother to prepare a will to give his wife only a life

estate interest in the Trust, with the interest reverting to Plaintiff upon the death of her brother's wife.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 26 of Plaintiff's Complaint.**

27.   Indiana Code allows for binding compromises that would have required Plaintiff's brother to grant a life estate to his wife while the interest in the Trust would revert to Plaintiff upon his wife's death. *See*, Ind. Code 30-4-7-2.

**ANSWER:   Defendants admit only that Indiana law allows for life estates and trusts of various forms and deny the remainder of the allegations in rhetorical Paragraph 27 of Plaintiff's Complaint.**

28.   Defendant Emswiller told Plaintiff's brother that he needed to contact an attorney in Montana where he, Thomas, lived, in order to have a Montana attorney prepare his will. Thus, Defendant Emswiller knew the ultimate goal was to ensure that the intent was for Plaintiff's brother's interest to revert to Plaintiff, and that a new will would be required to accomplish this goal.

**ANSWER:   Defendants admit Defendant Emswiller likely told Plaintiff's brother that he needed to contact an attorney in Montana where he, Thomas, lived, in order to have a Montana attorney prepare his will as Defendant Emswiller is not licensed in Montana and would not prepare a will for a Montana resident. Defendants deny the remainder of the allegations set forth in Paragraph 28 of Plaintiff's Complaint.**

29.   Plaintiff's brother, Thomas Ruckelshaus, passed away on July 1, 2009. At that time, his interest in the Trust passed to his wife in accordance with the terms of his will.

**ANSWER: Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 29 of Plaintiff's Complaint so as to neither admit nor deny the same at this time.**

30. Thomas Ruckelshaus' wife passed away on October 24, 2015. At that time, her interest in the Trust passed to her children in accordance with the terms of her will.

**ANSWER: Defendants are without sufficient information or knowledge regarding the truth or falsity of the allegations set forth in Paragraph 30 of Plaintiff's Complaint so as to neither admit nor deny the same at this time.**

31. After June 21, 2000, Plaintiff believed that appropriate documents were in place protecting her right to inherit her brother's interest in the trust upon the passing of his wife. Plaintiff learned this was not the case only after her brother's wife had passed away.

**ANSWER: Defendants deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.**

32. The Conditional Settlement Agreement, which was drafted by the Defendants, and was signed by Plaintiff, her brother, and all of the other beneficiaries, contained language that cut off Plaintiff's ability to return to court to correct that agreement to reflect its true intentions. Paragraph 3 on page 4 of the agreement states:

> Upon the date of distribution, all the interested parties hereto shall be Deemed to have released and forever discharged … each other … and [the Trustee] of and from any and all claims, demands rights and causes of Actions of whatever kind or nature based upon or arising out of, or in connection with any matters pertaining to or arising from the Conrad R. Ruckelshaus Family Trust, the Petition and this cause.

**ANSWER: Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint as incomplete as Paragraph 3 on page 4 of the agreements states:**

>**(3) Upon the date of distribution, all the interested parties hereto shall be deemed to have released and forever discharged on behalf of themselves, their respective agents, representatives, directors, officers, executors, administrators, counsels and assigns, each other and the Trustee, Bank One Trust Company, N A of and from any and all claims, demands, rights and causes of action of whatever kind or nature, based upon or arising out of, or in connection with any matters pertaining to or arising from the Conrad R. Ruckelshaus Family Trust, the Petition and this cause.**

### Count I: Professional Negligence

Comes now the Plaintiff, by counsel, and for Count I of her Complaint against the Defendants alleges and states as follows:

33. Plaintiff incorporates by reference rhetorical paragraphs 1 through 32 as if fully set forth herein.

**ANSWER: Defendants re-allege their answers to rhetorical paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.**

34. Upon being retained by Plaintiff, Defendants owed Plaintiff a duty to exercise reasonable care in their representation of her.

**ANSWER: Defendants admit Defendants' had duties to Plaintiff as established by Indiana law, but Defendants deny any breaching such duties and the remainder of the allegations set forth in Paragraph 34 of Plaintiff's Complaint.**

35. The documents prepared by the Defendants were inconsistent with their client's goals and inconsistent in their terms and did not represent the work product of a reasonable prudent attorney.

**ANSWER: Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.**

36. The representations by the Defendants was substandard because they did not do everything a reasonable attorney would have done to accomplish the goals of the representation.

11

**ANSWER: Defendants deny the allegations set forth in Paragraph 36 of Plaintiff's Complaint.**

37. The representation provided by Defendants was substandard, in violation of the Rules of Professional Conduct, and did not conform to that of a reasonably prudent attorney practicing within the State of Indiana.

**ANSWER: Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint.**

38. The representation provided by the Defendants failed to meet the appropriate standard of care required of attorneys practicing law in the State of Indiana.

**ANSWER: Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint.**

39. As a direct and proximate result of Defendants' substandard and negligent representation of Plaintiff, Plaintiff has been significantly damaged.

**ANSWER: Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint.**

40. Plaintiff has been damaged in an amount to be proven at trial, which includes the loss of her intertest in the Trust upon the death of her brother's wife, as well as other foreseeable and consequential damages.

**ANSWER: Defendants deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint.**

WHEREFORE, Defendants, Gerald L. Cowan, Kent Emswiller and Emswiller, Williams, Noland & Clark, a Professional Corporation, pray that Plaintiff takes nothing by way of her Complaint, for costs of this action, and for all other relief just and proper in the premises.

## Count II:  Conflict of Interest

Comes now the Plaintiff, by counsel, and for Count II of her Complaint against Defendants alleges and states as follows:

41. Plaintiff incorporates by reference rhetorical paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:  Defendants re-allege their answers to rhetorical paragraphs 1 through 40 of Plaintiff's Complaint and Count I as if fully set forth herein.**

42. Defendants knew or should have known that the work they accomplished for Plaintiff would not and did not meet the goals for which they were retained.

**ANSWER:    Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint.**

43. Defendants knew or should have known they had a conflict of interest in preparing documents for, circulating and obtaining signatures on, and filing pleadings on behalf of both Plaintiff, and her brother, when Plaintiff retained them to represent her interests.

**ANSWER:    Defendants deny the allegations set forth in Paragraph 43 of Plaintiff's Complaint.**

44. Defendants had a duty to disclose their conflict of interest to Plaintiff, but failed to do so.

**ANSWER:    Defendants deny the allegations set forth in Paragraph 44 of Plaintiff's Complaint.**

45. Defendants led Plaintiff to believe they were representing only her interest, but they were not.

**ANSWER:** **Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Complaint.**

46. As a direct and proximate result of Defendants' substandard and negligent representation of Plaintiff, Plaintiff has been significantly damaged.

**ANSWER:** **Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's Complaint.**

47. Plaintiff has been damaged in an amount to be proven at trial, which includes the loss of her interest in the Trust upon the death of her brother's wife, as well as other foreseeable and consequential damages.

**ANSWER:** **Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Complaint.**

WHEREFORE, Defendants, Gerald L. Cowan, Kent Emswiller and Emswiller, Williams, Noland & Clark, a Professional Corporation, pray that Plaintiff takes nothing by way of her Complaint, for costs of this action, and for all other relief just and proper in the premises.

### Count III:  Vicarious Liability

Comes now the Plaintiff, by counsel, and for Count III of her Complaint against Defendants alleges and states as follows:

48. Plaintiff incorporates by reference rhetorical paragraphs 1 through 47 as if fully set forth herein.

**ANSWER: Defendants re-allege their answers to rhetorical paragraphs 1 through 48 of Plaintiff's Complaint, Counts I and II as if fully set forth herein.**

49.     At all times relevant hereto, Gerald L. Cowan and Kent Emswiller acted in their capacity as agents and/or employees of Emswiller, Williams, Noland & Clarke, a professional corporation.

**ANSWER:     Defendants admit the allegations set forth in Paragraph 49 of Plaintiff's Complaint.**

50.     The law firm of Emswiller, Williams, Noland & Clarke, a professional corporation is vicariously liable for the professional negligence of Gerald L. Cowan and Kent Emswiller.

**ANSWER:     Defendants admit vicarious liability, but deny professional negligence.**

WHEREFORE, Defendants, Gerald L. Cowan, Kent Emswiller and Emswiller, Williams, Noland & Clark, a Professional Corporation, pray that Plaintiff takes nothing by way of her Complaint, for costs of this action, and for all other relief just and proper in the premises.

Dated:  June 28, 2017

HUNT SUEDHOFF KALAMAROS LLP

/s/ Philip E. Kalamaros_____
Philip E. Kalamaros #11722-71
*Attorney for Defendants Gerald L. Cowan, Kent Emswiller and Emswiller, Williams, Noland & Clark, a Professional Corporation*
301 State Street, 2nd Floor, P.O. Box 46
St. Joseph, MI  49085
Telephone: 269/983-4405

## **AFFIRMATIVE DEFENSES AND OTHER RESPONSES TO PLAINTIFF'S COMPLAINT**

Defendants, by counsel, state as follows for their Affirmative Defenses and Other Responses to Plaintiff's Complaint:

1. Defendants reserve the right to further plead defenses upon completion of discovery.

2. To the extent Defendants have not responded to any of the allegations contained in Plaintiffs' Complaint, Defendants specifically deny the same at this time.

3. Plaintiff's alleged injuries, if any, are solely the result of and attributable to the comparative fault of persons or entities other than Defendants including the Plaintiff, Thomas Ruckelshaus, Polley S. Ruckelshaus and other responsible non-parties whose identity is not known now but may be identified through discovery.

4. Plaintiff failed to mitigate any damages allegedly incurred.

5. The incidents and alleged damages were proximately caused by the Plaintiff's own negligence and other conduct, not by these Defendants.

6. That Plaintiff incurred and assumed the risk of injury and loss.

7. Any and all decisions made by the Defendants in the underlying case are protected by the attorney judgment rule.

8. That portions of Plaintiff's Complaint are duplicitous.

9. That Plaintiff's claim is barred by the statute of limitations.

10. That the Plaintiff's claim is barred by release, as expressly stated in the signed and court approved release as referred to in the answer to rhetorical Paragraph 32 of the answer to the Complaint.

11. That the Plaintiff's claim is barred by waiver, estoppel and latches.

12. That portions of Plaintiff's Complaint fail to state a claim.

13. That the Plaintiff intentionally failed to attach documents referred to in her Complaint in express intent to conceal from the court the applicable language and defenses in violation of Rule 11.

WHEREFORE, Defendants pray that Plaintiff takes nothing by way of her Complaint, for attorney fees and costs of this action, and for all other relief just and proper in the premises.

HUNT SUEDHOFF KALAMAROS LLP

/s/ Philip E. Kalamaros
Philip E. Kalamaros #11722-71
*Attorney for Defendants Gerald L. Cowan, Kent Emswiller and Emswiller, Williams, Noland & Clark, a Professional Corporation*
301 State Street, 2nd Floor, P.O. Box 46
St. Joseph, MI  49085
Telephone: 269/983-4405

## JURY DEMAND

Defendants hereby demand for trial by jury on all issues so triable.

HUNT SUEDHOFF KALAMAROS LLP

/s/ Philip E. Kalamaros
Philip E. Kalamaros #11722-71
*Attorney for Defendants Gerald L. Cowan, Kent Emswiller and Emswiller, Williams, Noland & Clark, a Professional Corporation*
301 State Street, 2nd Floor, P.O. Box 46
St. Joseph, MI  49085
Telephone: 269/983-4405

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing was served upon all counsel of record via the CM/ECF online filing system, this 28th day of June, 2017.

/s/ Philip E. Kalamaros
Philip E. Kalamaros #11722-71