# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELIZABETH G. RUCKELSHAUS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-02009-JMS-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD L. COWAN, | ) | |
| KENT EMSWILLER and EMSWILLER, | ) | |
| WILLIAMS, NOLAND & CLARK, | ) | |
| a Professional Corporation | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

Comes now the Defendant, Kent Emswiller, and submits this Memorandum in support of his Motion to Compel.

F.R.C.P. 26 in relevant part states:

> (b) Discovery Scope and Limits.
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In this case the Defendant served Requests for Production on the Plaintiff, and she timely replied with objections and produced no documents. The parties conferred, were unable to reach any accord, and then followed those conversations with a conference with the magistrate. No accord was

reached and the magistrate authorized this motion to compel pursuant to F.R.C.P. 37.

The requests and objections at issue for this motion are as follows:

**REQUEST NO. 15**: All past bank and/or invests statements or trust documents and records showing all income payments under the Conrad Ruckelshaus Trust to the Plaintiff prior to the dissolution/termination of the Conrad Ruckelshaus Trust.

**RESPONSE**: Plaintiff objects to this request because it seeks information not relevant to the subject matter involved in this action and the request does not appear to be reasonably calculated to lead to the discovery of admissible evidence. The issues in the case, including the claims and defenses, do not involve "income payments under the Conrad Ruckelshaus Trust to the Plaintiff." In addition, the request is overly broad and unduly burdensome. The Conrad Ruckelshaus trust was established over thirty-two (32) years ago. In order to respond to this request, Plaintiff would be required to engage in innumerable hours of research to try and locate documents that are decades old, if they still exist. In addition, she would be required to retain the services of professionals to assist in locating and evaluating decades of financial documents (again, if they exist) to determine what may be responsive to the request. This request appears to be calculated to burden and harass the Plaintiff and it constitutes an import fishing expedition not permitted under F.R.C.P. 26.

**REQUEST NO. 16**: All account statements, investment reports, bank statements, and any other records and/or documents showing the whereabouts, disposition, use, and/or investment and returns on investments of the proceeds the Plaintiff received from the termination of the Conrad Ruckelshaus Trust.

**RESPONSE**: Plaintiff objects to this request because it seeks information not relevant to the subject matter involved in this action and the request does not appear to be reasonably calculated to lead to the discovery of admissible evidence. The issues in the case, including the claims and defenses, do not involve the "whereabouts, disposition, use, . . . of the proceeds the Plaintiff received from the termination of the Conrad Ruckelshaus Trust." In addition, the request is overly broad and unduly burdensome. The Conrad Ruckelshaus trust was established over thirty-two (32) years ago, in 1985. In order to respond to this request, Plaintiff would be required to engage in innumerable hours of research to try and locate documents that are decades old, if they still exist. In addition, she would be required to retain the services of professionals to assist an locating and evaluating decades of financial documents (again, if they exist) to determine what may be responsive to the request. This request appears to be calculated to burden and harass the Plaintiff and it constitutes an improper fishing expedition not permitted under F.R.C.P. 26.

**REQUEST NO. 17**: Tax returns of the Plaintiff from 1985 to present including supporting documentation and schedules.

>**RESPONSE:** Plaintiff objects to this request because it seeks information relevant to the subject matter involved in this action and the request does not appear to be reasonably calculated to lead to the discovery of admissible evidence. The issues in the case, including the claims and defenses, do not involve the tax returns of the Plaintiff going back to 1985, over thirty-two (32) years ago. In addition, the request is overly broad and unduly burdensome. The request seeks thirty-two (32) years of tax returns. In order to respond to this request, Plaintiff would be required to engage in innumerable hours of research to try and locate the documents that are decades old, if they still exists. In addition, she would be requiem to retain the services of professionals to assist an locating and evaluating decades of financial documents (again, if they exist) to determine what may be responsive to the request. This request appears to be calculated to burden and harass the Plaintiff and it constitutes an improper fishing expedition not permitted under F.R.C.P. 26.

Distilling each request individually,

>Request 15 asks for the documentation that demonstrated the income payments to the Plaintiff from the Conrad Ruckelshaus Trust prior to the dissolution/termination of the Conrad Ruckelshaus Trust.
>
>Request 16 asks for records showing what the Plaintiff did with her share of the corpus received from the termination of the Conrad Ruckelshaus Trust.
>
>Request 17 asks for the Plaintiff's tax returns from 1985 to the present.

The Plaintiff's objections to each of the three requests were essential the same:

>1. Irrelevant;
>
>2. Not reasonably calculated to lead to the discovery of admissible evidence, arguing the issues in the case, including the claims and defenses, do not involve "income payments under the Conrad Ruckelshaus Trust to the Plaintiff."
>
>3. Overly broad and unduly burdensome, arguing the Conrad Ruckelshaus Trust was established over thirty-two (32) years ago, and in order to respond to this request, Plaintiff would be required to spend a lot of time trying and locate documents that are decades old, if they still exist, and that the Plaintiff would be required to retain the services of professionals to assist in locating and evaluating decades of financial documents (again, if they exist) to determine what may be responsive to the request.
>
>4. The request appears to be calculated to burden and harass the Plaintiff and it constitutes an improper fishing expedition not permitted under F.R.C.P. 26.

These objections should be overruled and the Plaintiff should be compelled to produce.

Responding to the objections in reverse order,

**Harassment**

This is a specious argument without support. The Defendant and his counsel don't have the time or interest to harass the Plaintiff. This claim is simply another diversionary personal attack launched by the Plaintiff's counsel to derail appropriate discovery.

**Improper fishing expedition**

Fishing expedition is an interesting term, as the 7th Circuit seems to imply that anything resembling a "fishing expedition" is inappropriate. As a fisherman, the undersigned must disagree. A significant portion of appropriate discovery is very similar to fishing. One engages in an activity that is intended to secure a desired object based on educated guesses as to the existence of the desired object, and its possible location. This is consistent with the term "Discovery" which by definition implies finding something. The Plaintiff's objection does add the adjective "improper" to distinguish proper fishing expeditions in discovery from improper. However, this objection is not valid for these requests as the scope of F.R.C.P. 26 is intentionally broad, and as set forth in the response to the relevance objection, these requests are proper and are precise. The income paid from the trust to the Plaintiff is a relevant fact in the Plaintiff's alleged fact pattern and specific lawyer retention scopes were directed at securing greater access to the corpus beyond income on a monthly or an annual basis. The amount the Plaintiff received should also be equal to what her brother, Thomas Ruckelshaus received, which is relevant to the Plaintiff's alleged fact pattern and claimed damage model. The Plaintiff's use of the trust corpus received by the Plaintiff should reflect the retention scopes as well as the credibility of the Plaintiff in her assertions about her lack of need and professional intentions. Similarly, her income and tax return data which should reflect income and sources of income as well as some deductible expenses and liabilities. The Plaintiff has offered her financial condition as a comparison to her brother's many times in this litigation as a

part of her fact pattern and theory of liability. It is true that the Defendant does not know what these documents will show, but the requests are well aimed to provide evidence to address the Plaintiff's claims.

**<u>Overly broad and unduly burdensome.</u>**

This objection is not well taken. The argument that the scope of the request covers something that occurred many years ago is not the fault of the Defendant; it is the fault of the Plaintiff for waiting twenty (20) years to file her lawsuit. If she had timely filed her lawsuit on or before 2002, the enquiry would have been for records dating back just a few years. At that time, many records would have most certainly still existed, and would have been well maintained within any normal document retention standard by numerous people. Today however most documents simply do not exist, and the effort to locate such information has to be broader to try and find them somewhere. The fact that time and money are important to the case reflected when calculating damages and accessing creditability is a fact made more important by the Plaintiff's claims of damages. The Plaintiff is the one who should bear any burden that is the direct result of her choice of delay in filing her lawsuit. If documents no longer exist, the Plaintiff should indicate such. However, given the sums and the subject matter, one would expect the Plaintiff to have investment account statements, tax returns, and account statements going back at least some period of time. The Plaintiff has improperly refused any production.

As for burden of the hiring of professionals to help her decide what is responsive, this is also not well taken. These are specific requests for specific items, common financial records, and records of payments from a specific entity to a specific person and the whereabouts of a lump sum of over a million dollars in 2000. It does not take any sort of professional to get account statements and tax returns and copy them.

**<u>Irrelevant and Not reasonably calculated to lead to the discovery of admissible evidence.</u>**

These arguments are not well taken. They are really just an effort to keep important facts and information from the Defendant and ultimately from the jury. This information is both relevant and reasonably calculated to lead to discoverable information.

A core question for anyone examining discovery requests in this sort of circumstance is: "Why do you want that?" The basic answer is that the Conrad Ruckelshaus Trust is the trust vehicle that was the subject of the first retention in 1998 where the Plaintiff asked for an opinion on getting more than just income. (Opinion letter dated August 11, 1998.) It is also the trust that was dissolved by the actions of the Defendants pursuant to the specific retentions by the Plaintiff and her brother. (Retention letters dated December 10, 1998) The Plaintiff framed the complaint. These aspects are included in her complaint. If it was important enough for her to put it in her complaint, it is important enough to fit within the scope of F.R.C.P. 26. What the Plaintiff and her brother were receiving from the trust that caused her to hire the Defendants for the opinion is an important fact to start from. The financial condition of the parties before and after the dissolution of the trust and where, when and how that money was kept, used and the comparative value to the rest of their holdings is directly relevant to her contentions about herself and her brother. The Plaintiff's use of her million dollars, and her financial condition, which would be reflected in her account statements, records and tax returns will demonstrate if she needed the money herself, or the windfall of getting all of the money all at once, rather than just an income stream. The Plaintiff contends this entire process was driven by her desire to accommodate her brother's concerns. However, this contention is not reflected anywhere in the first retention. She was the only client, and the scope didn't say a thing about her brother or her brother's wife. It was about how the Plaintiff could get access to the corpus. The logical presumption from such a scope is that she was not satisfied with the income

from the trust or the fact that she had no right to the corpus. It is well within F.R.C.P. 26 to learn what exactly that income was before it was dissolved and what happened to the money thereafter. This is helpful in demonstrating the situation before the retention and demonstrating what would have been the income stream if the work had not been done. The income stream that the Plaintiff received is also the income stream that Thomas Ruckelshaus received, which again goes precisely to the allegations in the complaint and her proffered alleged reason to hire the Defendants to do this work. Given the fact that neither the Plaintiff nor her brother had natural issue, survival rights to the trust corpus did not exist. Both the Plaintiff and her brother were only entitled to income for life, and while the income would have inured to the survivor of the two, the corpus did not. This discovery goes to factual basis for the claims, and to discovery of facts that related to damages or the lack thereof. The Defendant is entitled to demonstrate of that there was a reason to do this work other than how it is alleged by the Plaintiff, and to test her credibility as to her own needs or lack thereof and how the Defendants did what they were hired to do, and the obvious benefit to the Plaintiff. She got her share of the corpus in whole, with no controls, to do as she chose as opposed to an income stream. This is a part of the factual history of the case and the facts of what occurred. It is well within F.R.C.P. 26 to obtain discovery on these issues and is helpful to be able to present the facts of the situation and compare the income streams and financial situation before the dissolution of the trust and after.

The only person who can testify as to the supposed deal between the Plaintiff and her brother and her sister in law is the Plaintiff. That does not however mean she is the sole sources of facts or that she can set the parameters of the defense. There are lots of documents that could present alternate reasons for doing this work if they still exist, and the Defendant is entitled to demonstrate what he contends he was hired to do and demonstrate the benefit of that work.

It is logical and fair game for the Defendants to argue the Plaintiff had a purpose other than what the she has put forth (that this was solely for the benefit of her brother and his wife.) The fact of the matter is that terminating the trust had a tremendous financial advantage to the Plaintiff. It is entirely appropriate for the Defendants to be able to discover, calculate and present this financial benefit and its long term value to sustain their theory of the case opposing liability and damages. The past income stream for her and her brother, her use of the money and her financial condition and are all a part of the Defendant's case and defenses, and are relevant and discoverable.

The importance of this monetary information is fundamental to calculating value, as interest compounds over time, investments mature and appreciate over time. The longer a person has a large sum of money the more money that money can earn. A comparison of the nominal income payments by the bank to the lump payment in 2000 and investment implications is a part of the Defendant's defense, demonstrating the value of the work.

Evidence of spending or saving the trust corpus and how it was kept demonstrates creditably and standards of proof. The Plaintiff has said that the oral agreement she and her brother had was that each person could use the trust money any way he or she wanted and then of what was left would pass to the other if one predeceased the other and that Tom's share at his death went to his wife subject to her unrestricted use before her death before returning to the Plaintiff. If that condition is in fact true, one would think logically that one would have to keep that corpus money separate to tell what was spent and how much was left to go to the sibling in the event of an untimely demise. It may also show the Plaintiff needed and spent the money quickly or never intended to honor her side of the alleged agreement it the funds were totally comingled. These items are relevant and discoverable.

## Conclusion

Plaintiff's objections should be overruled and the Plaintiff should be ordered to produce the request information and payment of fees and costs pursuant to F.R.C.P. 37.

Respectfully submitted,

/s/ Philip E. Kalamaros_____
Philip E. Kalamaros (#11722-71)
*Attorney for Defendants Gerald L. Cowan, Kent Emswiller, and Emswiller, Williams, Noland & Clark*
301 State Street, 2nd Floor - P.O. Box 46
St. Joseph, MI  49085
Telephone: 269/983-4405
Facsimile: 269/983-5645

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to all counsel of record.

 /s/ Philip E. Kalamaros_____
Philip E. Kalamaros (#11722-71)