UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH G. RUCKELSHAUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-02009-JMS-MJD |
| ) | |
| GERALD L. COWAN, ) | |
| KENT EMSWILLER, ) | |
| EMSWILLER, WILLIAMS, NOLAND & ) | |
| CLARK, A PROFESSIONAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR SANCTIONS**

This matter comes before the Court on Plaintiff's *Motion for Sanctions Pursuant to F.R.C.P. 37*. [Dkt. 64.] For the reasons set forth below, the Court **DENIES** the motion.

**I.    Background**

This is a legal malpractice action brought by Plaintiff against her former attorneys, Gerald Cowan ("Cowan"), Kent Emswiller ("Emswiller"), and the law firm Emswiller, Williams, Noland & Clark, a professional corporation ("Law Firm") (collectively "Defendants"). On December 19, 2017, Plaintiff served her Requests for Admission (the "Requests") upon Cowan and Emswiller.[1] [*See* Dkt. 64 at 1.] On January 17, 2018, Cowan served his responses to the Requests. [Dkt. 64-1.] The Requests consisted of twenty-two (22) separate requests for

---

[1] Plaintiff served two separate sets of Requests for Admission, one to Cowan and one to Emswiller. Cowan's and Emswiller's responses are not the same on similar questions. [Dkt. 72-3.]

1

admissions. [*Id.*] Cowan initially denied three requests and responded to nineteen requests with the following statement:

> This Defendant has made reasonable inquiry into the information known and readily available to him and it is insufficient to allow him to admit or deny the Request.

[*Id.*] On January 25, 2018, Plaintiff took the deposition of Cowan and asked questions about the "reasonable inquiry" Cowan took in answering the Requests. [Dkt. 64-4 at 7–22.] Thereafter, Plaintiff demanded Cowan to change his answers to admit the nineteen requests where Cowan stated he was unable to admit or deny them because Cowan failed to make a reasonable inquiry in order to properly answer the requests. [*See* Dkt. 64-2.] On March 5, 2018, Cowan served his supplemental response to the Requests. [Dkt. 64-2.] Specifically, Cowan agreed to admit Request nos. 11, 12, 21, and 22, and the Defendants as a group agreed to admit Request nos. 3, 4, 9, 10, and 13, but refused to admit Request nos. 7, 8, 14, 16, 17, and 18 because they were "not true." [*Id.*] Unable to resolve the dispute informally, Plaintiff now files this Motion for Sanctions, requesting that the Court determine that *all* Defendants have not acted in good faith, have not complied with their obligations pursuant to Rule 36 of the Federal Rule of Civil Procedure and determine that all Defendants are deemed to have admitted Requests for Admission nos. 7, 8, 14, 16, 17, and 18.[2] [Dkt. 64.]

## II. Discussion

First, the Court notes that answers to requests for admission are only binding on the party who makes the answers. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566 (11th Cir. 1987) (a failure to respond to plaintiff's request for admissions not binding on codefendant); *In re Leonetti*, 28 B.R. 1003, 1009 (E.D. Pa. 1983) ("[T]he admission of one party to an action is

---

[2] Plaintiff mistakenly stated in her conclusion that she requests the Court to deem admitted Request nos. 7, **4**, 14, 16, 17, and 18, instead of Request nos. 7, **8**, 14, 16, 17, and 18.

not binding upon a co-defendant."). Here, Plaintiff seeks an order deeming admitted certain requests for admission against all Defendants based on the alleged inadequate "reasonable inquiry" of Cowan. This request is improper, especially given the fact that Emswiller's and Cowan's responses are not the same on similar questions. [*See* Dkt. 72-3.] Thus, the Court proceeds to determine the merits of this motion with regard to only Cowan.

Federal Rule of Civil Procedure 36(a)(4) provides that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made *reasonable inquiry* and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4) (emphasis added). Pursuant to Federal Rule of Civil Procedure 36(a)(6), a requesting party "may move to determine the sufficiency of an answer or objection… On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Plaintiff argues that Cowan not only failed to conduct a reasonable inquiry before answering the requests for admission at issue, but, fact, made no inquiry at all. In support of her position, Plaintiff cites to Cowan's deposition transcript where Plaintiff's counsel asked Cowan about the "reasonable inquiry" Cowan made with regard to Request nos. 2, 9, and 10. [Dkt. 64 at 7-12.] However, upon Plaintiff's requests, Cowan had already changed his answers and admitted Request nos. 9 and 10 and these Requests are not at issue here.[3] [Dkt. 64-2 at 3-4.]

In addition, "the purpose of Rule 36 is to allow parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *SEC*

---
[3] Plaintiff did not request Cowan to admit Request no. 2. [*See* Dkt. 64-2.]

3

*v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012) (quoting *United States v. Kasuboski*, 834 F. 2d 1345, 1350 (7th Cir. 1987)). With regard to Request nos. 7, 8, 14, 16, 17, and 18, Plaintiff asks Cowan to agree with Plaintiff's view of the facts, i.e. that Plaintiff and her brother hired Defendants to break their father's trust to allow her brother's wife to benefit from the income of the trust in the event that her brother predeceased his wife with the intention that the brother's interest would revert to Plaintiff upon the death of the wife. This view of the facts, of course, is a dispute at the heart of this case. Cowan initially responded to these Requests and stated that he "has made reasonable inquiry into the information known and readily available to him and it is insufficient to allow him to admit or deny the Request(s)." [*See* Dkt. 64-2.] Cowan later refused to change his answers as regard to these Requests because they are "not true" despite agreeing to admit the rest. [*Id.*] Clearly, Plaintiff and Cowan have different perspectives on the facts. Request nos. 7, 8, 14, 16, 17, and 18 ask Cowan to agree with Plaintiff's version of the facts and Cowan is not obligated to do that. *See Nutmeg*, 285 F.R.D. at 406.

Furthermore, a careful reading of the facts does not show that Cowan failed to answer the Requests in good faith. Plaintiff served her Requests for Admission that consisted of twenty-two (22) separate requests for admissions. While Cowan initially denied three requests and refused to admit or deny the rest, upon Plaintiff's request, he later amended his answers and admitted to nine other requests. He specifically denied Request nos. 7, 8, 14, 16, 17, and 18 because they are "not true." Cowan did not act in bad faith just because Plaintiff does not "like" Cowan's answers. Accordingly, Cowan's responses to Request nos. 7, 8, 14, 16, 17, and 18 are sufficient under Rule 36 and a sanction is not proper under these circumstances. *See Merix Pharm. Corp. v. EMS Acquisition Corp.*, No. 09 CV 5871, 2010 WL 3781013 (N.D. Ill. Sept. 21, 2010).

### III. Conclusion

Based on the foregoing, Plaintiff's *Motion for Sanctions Pursuant to F.R.C.P. 37* [Dkt. 64] is **DENIED**. Defendants ask the Court to award their fees in responding to this Motion. Based upon the continual nature of discovery disputes between these parties, the Court determines that an award of fees would not be just here.

SO ORDERED.

Dated: 10 MAY 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jarrell B. Hammond
LEWIS WAGNER, LLP
jhammond@lewiswagner.com

Philip Edward Kalamaros
HUNT SUEDHOFF KALAMAROS
pkalamaros@hsk-law.com

Robert Joseph Nice
THE NICE LAW FIRM
rjnice@nicelawfirm.com

John G. Shubat
THE NICE LAW FIRM
jgshubat@nicelawfirm.com