# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

July 20, 2020

To:  Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

| No. 19-2770 | ELIZABETH G. RUCKELSHAUS,<br>Plaintiff - Appellant<br><br>v.<br><br>GERALD L. COWAN, et al.,<br>Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:17-cv-02009-JPH-MJD<br>Southern District of Indiana, Indianapolis Division<br>District Judge James P. Hanlon ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:          No record to be returned

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

------------------------------------

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**  **Received by:**

_____7/20/2020_____  ___*Laura Townsend*___
                                                 Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

June 26, 2020

CERTIFIED COPY

|         |                                      |
|---------|--------------------------------------|
| Before: | DIANE P. WOOD, *Chief Judge*         |
|         | AMY C. BARRETT, *Circuit Judge*      |
|         | MICHAEL Y. SCUDDER, *Circuit Judge*  |

| No. 19-2770 | ELIZABETH G. RUCKELSHAUS,<br>Plaintiff - Appellant<br><br>v.<br><br>GERALD L. COWAN, et al.,<br>Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:17-cv-02009-JPH-MJD<br>Southern District of Indiana, Indianapolis Division<br>District Judge James P. Hanlon ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**(form ID: **132**)

In the

# United States Court of Appeals

For the Seventh Circuit

_____

No. 19-2770

ELIZABETH G. RUCKELSHAUS,

          *Plaintiff-Appellant*,

v.

GERALD L. COWAN, *et al.*,

          *Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:17-cv-2009 — **James P. Hanlon**, *Judge*.

_____

ARGUED MAY 18, 2020 — DECIDED JUNE 26, 2020

_____

Before WOOD, *Chief Judge*, and BARRETT and SCUDDER, *Circuit Judges*.

BARRETT, *Circuit Judge*. Elizabeth Ruckelshaus appeals the district court's determination that Indiana's statute of limitations bars her legal malpractice claim. More than twenty years ago, she hired the defendants to help her and her brother, Thomas Ruckelshaus, access assets held in a trust that their father set up for their benefit. Ruckelshaus contends that she instructed the defendants to give her a future interest in her

brother's share, subject to a life estate held by his wife. And she insists that she could not have known that the defendants failed to follow her wishes until her brother and his widow died. But if there was an error, Ruckelshaus had ample opportunity to discover it when the trust was dissolved and the funds were disbursed, so any claim accrued then. Because the time for asserting this claim is long past, we affirm the district court's judgment.

I.

Conrad Ruckelshaus, the father of Elizabeth Ruckelshaus and her brother Thomas, set up a trust for the benefit of his children. Conrad gave the siblings equal interests in the trust and provided that, if one of the siblings died without children, the other would receive the remainder of the deceased sibling's share. According to Elizabeth Ruckelshaus—who is the plaintiff in this case—Thomas approached her shortly after Conrad's death to ask if she would agree to modify the trust so that he might leave a portion of his share to his wife, Polly, upon his death. Ruckelshaus alleges that she orally agreed to modify the trust to give Polly a life estate in Thomas's share if he predeceased her.

In 1998, Ruckelshaus retained the defendants to accomplish this goal. The retention letter prepared by the defendants stated that the purpose of the representation was to terminate the trust, but the letter made no mention of a life estate reserved for Polly or a subsequent remainder interest for Ruckelshaus. Nonetheless, Ruckelshaus signed the retention letter and the defendants drew up a settlement agreement to dissolve the trust. Like the retention letter, the settlement agreement did not mention Polly or a life estate, nor did it restrict what either sibling could do with the trust funds after

the trust was terminated and the funds were disbursed. The settlement agreement contained a liability release and a clause stating that it was the only written or oral agreement among the parties. In 1999, the defendants sent Ruckelshaus the settlement agreement and the petition to dissolve the trust that would be filed in the probate court, both of which she signed. And in 2000, the probate court granted the petition, thereby dissolving the trust, and Ruckelshaus and Thomas each received more than a million dollars.

Thomas died in 2009 without children of his own. It does not appear that Ruckelshaus read his will at the time or inquired into what remained of the former trust funds. Thomas's will devised his assets to Polly. And when Polly died in 2015, she left her estate to her children. When Ruckelshaus learned that no assets would pass to her, she initiated this suit in 2017 for malpractice against the attorneys who worked to dissolve the trust, alleging that they failed to carry out her instructions.

The defendants moved for summary judgment and Ruckelshaus moved for partial summary judgment with respect to the defendants' affirmative defenses. The district court granted summary judgment for the defendants, holding that the applicable two-year Indiana statute of limitations began running no later than 2000, when the trust was dissolved, and that if Ruckelshaus had practiced ordinary diligence, she could have discovered then that her wishes had not been followed. It rejected Ruckelshaus's argument that she could not have known about the alleged malpractice until Polly died in 2015. Ruckelshaus appeals.

Case 1:17-cv-02009-JPH-MJD   Document 178   Filed 07/20/20   Page 7 of 9 PageID #: 2755
Case: 19-2770     Document: 00713647310     Filed: 07/20/2020     Pages: 6     (4 of 9)

4                                                                          No. 19-2770

## II.

The Indiana Code requires that tort actions "be commenced within two (2) years after the cause of action accrues." IND. CODE § 34-11-2-4(a). At this stage of the case, the parties' dispute centers on when Ruckelshaus's malpractice claim accrued. For a legal malpractice claim to accrue in Indiana, "it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Myers v. Maxson*, 51 N.E.3d 1267, 1276 (Ind. Ct. App. 2016). Actions for malpractice "are subject to the 'discovery rule'"; that rule "provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another." *Id.* (citation omitted). "Ordinary diligence" requires the injured party to "act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." *Id.* (citation omitted). Since this is an appeal from summary judgment, we review the district court's decision de novo with all facts construed in favor of the nonmovant. *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016).

Ruckelshaus received the documents detailing the dissolution and disbursement of the trust in 1999. Though she admits that she read the documents when she signed them, she nonetheless insists that she could not have known then that the defendants failed to follow her instructions. According to Ruckelshaus, she could not have discovered that her wishes had not been followed until Polly's death in 2015, when she

Case 1:17-cv-02009-JPH-MJD   Document 178   Filed 07/20/20   Page 8 of 9 PageID #: 2756
       Case: 19-2770      Document: 00713647310         Filed: 07/20/2020      Pages: 6        (5 of 9)

No. 19-2770 5

received no remainder from the life estate that she believed she had created. And, to the extent that she could have discovered the problem when the trust was dissolved, she argues that a jury should decide whether she acted with ordinary diligence.

Ruckelshaus is correct that under Indiana law, the jury sorts out factual disputes that underlie statute of limitations issues. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1279 (Ind. 2009) ("When application of a statute of limitation rests on questions of fact, it is generally an issue for a jury to decide."). But because the defendants have raised a statute-of-limitations defense, Ruckelshaus bears the burden of demonstrating that there exists a factual dispute "material to a theory that avoids the defense." *Myers*, 51 N.E.3d at 1276.

Ruckelshaus has not carried that burden, because no reasonable jury could conclude that she exercised "ordinary diligence" and still failed to realize that the defendants had not created a trust with a life estate for Polly. First, Ruckelshaus signed the retention letter and trust dissolution documents, which stated that her father's trust was being dissolved and its assets disbursed free and clear. In Indiana, "a person is presumed to understand the documents which he signs." *Clanton v. United Skates of Am.*, 686 N.E.2d 896, 899–900 (Ind. Ct. App. 1997). Ruckelshaus read these documents when she signed them, and she should have realized then that the documents did not accomplish her goal. She did not need to wait for Polly's death to learn that she would get nothing—that was apparent from the documents themselves. If the documents did not accurately describe what Ruckelshaus asked her attorneys to accomplish, the time to object was no later than two years after those documents dissolved the trust.

6                                                                        No. 19-2770

Second, even putting the documents aside, Ruckelshaus should have been on notice that something was amiss when she received the disbursed trust funds. She and Thomas received the principal outright, which indicated that the trust had been dissolved. Thomas apparently understood that no trust or future interests controlled the funds from this disbursement because his will—which Ruckelshaus did not read until Polly's death—apparently did not reference a trust or otherwise acknowledge any restriction on the funds.

Ruckelshaus should have discovered any error by the defendants long before Polly died in 2015. Because Indiana law requires plaintiffs to bring malpractice actions within two years of the action's accrual, Ruckelshaus's claims are barred. We AFFIRM the district court's judgment.